IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE JOSEPH AICH,

    **Plaintiff,**

    v.                                                      CASE NO. 25-3248-JWL

RENO COUNTY CORRECTIONAL
FACILITY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Reno County Correctional Facility in Hutchinson, Kansas ("RCCF"). The Court granted Plaintiff leave to proceed in forma pauperis. The Court assessed a $120.00 initial partial filing fee calculated under 28 U.S.C. § 1915(b)(1). The initial partial fee was due by December 18, 2025, and has not been paid.

On November 18, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") granting Plaintiff until December 18, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that in 2016 the RCCF allowed Turnkey to provide detainees' families and loved ones with the opportunity to purchase pictures on an electronic kiosk for the detainees. (Doc. 1, at 2.) Plaintiff alleges that these pictures became his personal property. *Id*. Plaintiff alleges that "at some time unknown to [him] they 'switched systems' and archived [his] pictures." *Id*. Plaintiff alleges that "they" refuse to "unarchive" the pictures. *Id*.

Plaintiff's single count in this case claims that his pictures were taken. The Court found in

the MOSC that Plaintiff's property claim was subject to dismissal. Deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy. A due process claim will arise only if there is no such procedure or it is inadequate. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Smith v. Colorado Dep't of Corr.*, 23 F.3d 339, 340 (10th Cir. 1994) ("Fourteenth Amendment due process guarantees pertaining to property are satisfied when an adequate, state postdeprivation remedy exists for deprivations occasioned by state employees.").

Kansas prisoners have an adequate state post-deprivation remedy. *See generally, Sawyer v. Green*, 316 F. App'x 715, 717, 2008 WL 2470915, at *2 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property). Plaintiff failed to allege that an adequate post-deprivation remedy is unavailable. Because an adequate, state post-deprivation remedy exists, the Court ordered Plaintiff to show good cause why his property claim should not be dismissed for failure to state a claim.

The Court's MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 5, at 4.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 22, 2025, in Kansas City, Kansas.**

                                              **S/ John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**